JOYCE GARRISON,

       Plaintiff,

       v.

VALUE CITY DEPARTMENT STORES,

       Defendant.

Case No. 07-cv-845-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Remand filed by Defendant Value City Department Stores (Doc. 7).  For the following reasons, the Court DENIES the Motion.

## BACKGROUND

Plaintiff Joyce Garrison (Garrison), a citizen of Illinois, alleges that she suffered head and neck injuries while shopping at a  store in Greenville, Illinois, when a commercial garment steamer fell off a shelf onto her head due to the negligence of the store's employees.  The store belongs to Defendant Value City Department Store (Value City), a corporation incorporated in, and a citizen of, Ohio.  Garrison brought a personal injury suit against Value City in Illinois state court requesting "an amount not to exceed $50,000" for medical bills incurred, pain and suffering, lost wages, and loss of a normal life.

Value City was served with the summons and complaint in that case on November 9, 2007.  On December 7, 2007, Value City filed a notice of removal to this Court, invoking the Court's diversity jurisdiction.  Value City claimed diversity of citizenship was met because Value City is a citizen of Ohio and Garrison is a citizen of Illinois.  Value City also claimed that the jurisdictional amount was met because the injuries that Garrison claims to have suffered support a good faith belief that the amount in controversy exceeds $75,000.  On December 12,

2007, Value City filed the instant Motion to Remand, in which it asserts that because Garrison's

complaint limits her requested damages to $50,000, the Court lacks jurisdiction over the subject

matter.

## ANALYSIS

Generally, "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or defendants to the

district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over civil

actions between citizens of different states "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of costs and interests." 28 U.S.C. § 1332(a)(1). The party invoking

the Court's jurisdiction bears the burden of showing that the case is properly brought. *McNutt v.*

*General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). The defendant who would

remove a case must show "to a reasonable probability that jurisdiction exists." *Gould v. Artisoft,*

*Inc.*, 1 F.3d 544, 547 (7th Cir.1993) (*quoting Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th

Cir.1993)). Here, Value City removed the state action citing the fact that the parties are citizens

of different states, and its good faith belief that, due to the nature and extent of the injuries

alleged, the amount in controversy exceeds $75,000.

Now, Value City cites to Garrison's complaint in which she limits her requested relief to

under $50,000 to show that the jurisdictional amount is not met. However, Illinois law does not

limit a plaintiff's recovery to the amount requested in her complaint. In fact, 735 ILCS 5/2-604

prohibits complaints from specifying the amount of damages sought in personal injury cases

except to the minimum extent necessary to comply with the circuit rules of assignment where the

claim is filed. As a practical matter, this means that a personal injury plaintiff in Illinois who is

willing to restrict a claim to under $75,000 has no way to plead this in the complaint.  Instead, "the factual allegations of the complaint, and not empty words setting an illusory cap on damages, inform the jurisdictional inquiry."  *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).  Whether removal is appropriate must be determined at the point at which the notice of removal is submitted.  *See In re Shell Oil Co.*, 966 F.2d 1130 (7th Cir. 1992) and 970 F.2d 355;  *Chase v. Shop  N Save Warehouse Foods*, 110 F.3d 424, 429 (7th Cir. 1997);  *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574-75 (2004).

Here, at the time the Court received notice of removal, it appeared from the injuries alleged in the complaint that it was reasonably probable that more than $75,000 was in controversy.  Therefore, the Court's jurisdiction was properly invoked.  Even if events occurring after removal reduced the amount in controversy, for example by post-removal stipulation or affidavit, the Court is not divested of its jurisdiction.  *In re Shell Oil Co.*, 970 F.2d at 356. Accordingly, remand based on lack of subject matter jurisdiction is not appropriate.  If the parties are determined to have this case heard in state court, they are free to dismiss the instant case without prejudice and refile in state court.

<div align="center">

**CONCLUSION**

</div>

Because Value City properly invoked the Court's diversity jurisdiction in its removal of this action, remand based on lack of subject matter jurisdiction is not appropriate.  Accordingly, the Court DENIES the Motion to Remand (Doc. 7).


**IT IS SO ORDERED.**
**DATED: December 17, 2007**

<div style="margin-left: 40%;">

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

</div>